UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANK ALTAMURA;                                    :    Index No.: _____
                                                   :
                    Plaintiff,                     :    **VERIFIED COMPLAINT**
                                                   :
       v.                                          :
                                                   :    **JURY TRIAL DEMANDED**
RELIANCE COMMUNICATIONS, LLC;                      :
AIRTYME COMMUNICATIONS, LLC;                       :
DELHI HEIGHTS, LLC; WIRELESS WORKS NY INC.;        :
and PARVEEN NARULA, in his individual              :
and official capacities,                           :
                                                   :
                    Defendants.                    :
-----------------------------------------------------------------X

Plaintiff FRANK ALTAMURA ("Altamura" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint in this action against RELIANCE COMMUNICATIONS, LLC ("Reliance"); AIRTYME COMMUNICATIONS, LLC ("Airtyme"); DELHI HEIGHTS, LLC ("Delhi Heights"); WIRELESS WORKS NY INC. ("Wireless Works"); and PARVEEN NARULA ("Narula") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      Plaintiff brings this action in response to Defendants' unlawful failure to pay Plaintiff earned commissions and/or unlawful deductions from payroll, in violation of the Federal Labor Standards Act (*hereinafter* "FLSA") codified at Title 29 of the United States Code (*hereinafter* "U.S.C."), and the New York Labor Law (*hereinafter* "NYLL") §§ 190 et seq., and seek to recover such wages that were unlawfully withheld and deducted.

2.      This is further an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful retaliation against Plaintiff in violation of

FLSA, § 215(a) and NYLL § 215 after Plaintiff complained about Defendants' numerous violations of the FLSA and NYLL.

3. Specifically, Defendants unlawfully retaliated against Plaintiff after he complained about the Company's violations of the FLSA and NYLL by, among other things, terminating Plaintiff's employment with the Company.

4. Defendants' unlawful and retaliatory conduct has caused and continues to cause Plaintiff to suffer substantial economic and noneconomic damages, and severe mental anguish and emotional distress.

5. Defendants' unlawful and retaliatory conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, warranting an award of punitive and/or liquidated damages.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1331, the above-captioned Court maintains jurisdiction over the claims set forth hereto since claims for relief predicated upon the FLSA arise under federal law.

7. Pursuant to 28 U.S.C. § 1367, the above-captioned Court maintains jurisdiction over claims that arise under the NYLL, as well as for claims that arise under other corresponding statutes, regulations, rules, and ordinances.

8. Pursuant to 28 U.S.C. §§ 2201 and 2202, the above-captioned Court is empowered to declare rights and other relations of interested parties, along with issue other necessary or proper relief based on declaratory judgment or decrees.

9. Pursuant to 28 U.S.C. § 1391, the claims set forth hereto are properly brought forth in the United States District Court for the Eastern District of New York (*hereinafter*

"E.D.N.Y.") since events and/or omissions giving rise to the claims set forth herein occurred in the above-captioned judicial district.

## PARTIES

10. Plaintiff Frank Altamura is a resident of Suffolk County in the State of New York and was employed by Reliance as a Salesperson in its Hauppauge, New York office. At all times relevant herein, Altamura met the definition of an "employee" under all relevant statutes.

11. Defendant Reliance is a New York corporation with its headquarters located at 555 Wireless Boulevard, Hauppauge, New York 11788. Defendant Reliance is a nation-wide distributor of wireless telecommunication products, regularly transacting business in and employing individuals in New York. At all times relevant herein, Defendant Reliance met the definition of an "employer" under all relevant statutes.

12. Defendant Airtyme is a New York corporation with headquarters located at 555 Wireless Boulevard, Hauppauge, New York 11788, and at 730 Koehler Avenue, Ronkonkoma, New York 11779. Defendant Airtyme is a distributor of wireless telecommunication products, regularly transacting business in and employing individuals in New York. At all times relevant herein, Defendant Airtyme met the definition of an "employer" under all relevant statutes.

13. Defendant Delhi Heights is a New York corporation located in Queens County, with an address registered with the Department of State of "Parveen Narula, 45 Lafayette Grde, Totowa, New Jersey 07512." Defendant Delhi Heights operated as a restaurant located at 37-66 74th Street, Jackson Heights, New York 11372, and regularly transacts business in and employing individuals in New York. At all times relevant herein, Defendant Delhi Heights met the definition of an "employer" under all relevant statutes.

14. Defendant Wireless Works is a New York corporation with its headquarters located at 181 Avenue P, Brooklyn, New York 11204. Defendant Wireless Works is a distributor of wireless telecommunication products, regularly transacting business in and employing individuals in New York. At all times relevant herein, Defendant Wireless Works met the definition of an "employer" under all relevant statutes.

15. Defendant Narula is a resident of the State of New York. At all times relevant herein, Narula has been and is the Chief Executive Officer of Reliance and met the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

16. Plaintiff worked as a salesperson for Defendant Reliance from July, 2007 to February, 2008, and again from May, 2008 until he was unlawfully terminated on April 22, 2015.

17. As part of his employment, during this same time, Plaintiff was occasionally directed by Defendant Narula to conduct wireless telecommunications sales on behalf of Defendants Airtyme, Delhi Heights, and Wireless Works.

18. At all times relevant herein, Plaintiff performed his job with the highest degree of professionalism, competence and integrity.

19. At all times relevant herein, Defendants had authority over the terms and conditions of employment of Plaintiff.

20. For example, Defendants had the power to hire, fire and discipline Plaintiff. Defendants also maintained records relevant to the employment of Plaintiff.

21. As a Salesperson, Plaintiff was responsible for making sales to customers on behalf of Defendants.

22. At all times relevant herein, Defendants supervised and controlled the work schedule and working conditions of Plaintiff.

23. When Plaintiff was hired by Defendants in May 2008, Plaintiff accepted employment with Defendants with the understanding that he was to receive a base salary of $40,000 annually, plus 7% of the profit margin of sales generated by Plaintiff; the base salary was increased to $45,000 annually in 2012. The profit margin was to be determined by subtracting the product cost from the amount of gross sales.

24. Defendants, however, subsequently and unilaterally instituted an unlawful policy and practice of failing to pay and/or making deductions from Plaintiff's earned commissions.

25. Purchase Orders and other documentation related to sales on behalf of Reliance would be provided to Administrative Assistant Traci Masi, who would enter information into Reliance's internal database. Purchase Orders and other documentation related to sales on behalf of Airtyme, Delhi Heights and Wireless Works were provided directly to Defendant Narula and to the Accounting Department.

26. Defendants would then manipulate the sales numbers, by adjusting the product cost. As a result, profit margins, and Plaintiff's commissions, were reduced.

27. Defendants would also make unlawful deductions from Plaintiff's paychecks for Company overhead costs, "penalties" for alleged violations of Company policy, or for customers failing to pay a past due account.

28. Defendants' policy was to not provide commission statements to salespeople. Defendants did not provide an accounting for the commissions paid to Plaintiff, and as a result, the underpayments and deductions were concealed from him.

5

29. At all times relevant herein, Plaintiff did not authorize, in writing or otherwise, such alterations and/or deductions to his pay. Such unlawful deductions were not for the benefit of Plaintiff. Therefore, Defendants' deductions from Plaintiff's earned payroll and commissions were unlawful under the FLSA and NYLL.

**Plaintiff's Unlawful Termination by Defendants for Engaging in Protected Activity**

30. In or around April, 2015, Plaintiff conducted his own accounting of commissions paid against sales in March, 2015, and discovered a substantial discrepancy between earned and paid commissions.

31. In addition, Plaintiff requested a statement of commissions from accounting, and, in comparing the data against his own records of sales, discovered numerous discrepancies between actual sales and commissions paid, all resulting in underpayments to Plaintiff.

32. On April 22, 2015, Plaintiff met with Defendant Narula and Eileen Lever from Human Resources, to discuss these discrepancies. Later that same day, Plaintiff was informed he was terminated for his complaints about not receiving appropriate commissions.

33. Defendants have refused to pay Plaintiff any earned commissions for his sales in April, 2015.

## Collective Action Allegations

34. Plaintiff repeats and realleges each and every allegation contained herein.

35. This action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

36. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who work or have worked for Defendants.

37. At all times relevant herein, Plaintiff and the other FLSA collective action Plaintiffs are and have been similarly situated, have sustained similar job requirements and pay provisions, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully imposing unlawful deductions on employees' pay.

38. Upon information and belief, there are current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA.

39. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interests, as well as his own interest in bringing this action.

40. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

41. Plaintiff, and Plaintiffs who elect to opt-in as part of the collective action, are all victims of the Defendants' common policies and/or plans to violate the FLSA by making unlawful and unauthorized deductions from employee pay.

## FIRST CLAIM FOR RELIEF

**(Unlawful Deductions from Payroll in Violation of the Fair Labor Standards Act)**

42. Plaintiffs hereby repeats and realleges each and every allegation in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. At all times relevant herein, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act. Similarly, at all times relevant herein, Defendants were and are an "employer" within the meaning of the Fair Labor Standards Act.

44. As previously alleged, Plaintiff was a salesperson who sold wireless telecommunications products for Defendants.

45. Plaintiff was compensated by Defendants with a combination of salary and commissions.

46. Defendants, however, instituted a policy and practice of reducing Plaintiff's pay by deducting business costs from the pay.

47. At no time did Plaintiff authorize such deductions.

48. As such, Defendants willfully, intentionally and deliberately withheld earned wages due and owing to Plaintiff without his written authorization.

49. Defendants' unlawful withholdings from the earned wages due and owing to Plaintiff without his written authorization were willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

50. As a result of the foregoing, Plaintiff has been denied earned wages required under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and has suffered substantial economic damages.

8

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Earned Commissions in Violation of the New York Labor Law)

51. Plaintiffs hereby repeats and realleges each and every allegation in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. At all times relevant herein, Plaintiff was an "employee" within the meaning of the New York Labor Law. Similarly, at all times relevant herein, Defendants were and are an "employer" within the meaning of the New York Labor Law.

53. As previously alleged, Plaintiff was a salesperson who received salary and commission for selling wireless telecommunications products for Defendants.

54. Plaintiff earned commissions on sale of such products. Such commissions constitute "wages" within the meaning of New York Labor Law §§ 190 et seq.

55. Defendants, however, instituted a policy and practice of failing to pay Plaintiff his earned commissions for all of the product he sold.

56. Plaintiff is therefore due wages from the Company based on his commissions, which were earned on sale.

57. Defendants willfully, intentionally and deliberately withheld earned wages due and owing to Plaintiff without his written authorization.

58. Defendants' unlawful withholdings from the earned wages due and owing to Plaintiff without his written authorization were willful violations of New York Labor Law §§ 190 et seq.

59. As a result of the foregoing, Plaintiff has been denied earned wages required under New York Labor Law §§ 190 et seq., and has suffered substantial economic damages.

## THIRD CLAIM FOR RELIEF

### (Retaliation in Violation of the Fair Labor Standards Act)

60. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 59, inclusive, as if fully set forth herein.

61. At all times relevant herein, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act. Similarly, at all times relevant herein, Defendants were and are an "employer" within the meaning of the Fair Labor Standards Act.

62. Plaintiff was employed by Defendants as a salesperson who sold wireless telecommunications products, and was compensated with a combination of salary and commissions.

63. Plaintiff complained to Defendants about Defendants' violations of the Fair Labor Standards Act.

64. Defendants retaliated against Plaintiff by terminating him immediately following his making of his complaint, such that this act would deter a reasonable employee from engaging in activity protected under Fair Labor Standards Act § 215(a) for his or her opposition to and/or participation in lodging complaints against Defendants for their unlawful violations of the Fair Labor Standards Act.

65. As a direct and proximate result of the unlawful and retaliatory conduct by Defendants in violation of the Fair Labor Standards Act § 215(a), Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of

past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

66. As a direct and proximate result of the unlawful and retaliatory conduct by Defendants in violation of the Fair Labor Standards Act § 215(a), Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

67. The unlawful and retaliatory conduct by Defendants in violation of the Fair Labor Standards Act § 215(a) was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, warranting an award of punitive and/or liquidated damages against Defendants.

## FOURTH CLAIM FOR RELIEF

### (Retaliation in Violation of the New York Labor Law)

68. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 67, inclusive, as if fully set forth herein.

69. At all times relevant herein, Plaintiff was an "employee" within the meaning of the New York Labor Law. Similarly, at all times relevant herein, Defendants were and are an "employer" within the meaning of the New York Labor Law.

70. Plaintiff was employed by Defendants as a salesperson who received salary and commission for selling wireless telecommunications products.

71. Plaintiff complained to Defendants about Defendants' violations of the New York Labor Laws.

72. Defendants retaliated against Plaintiff by terminating him immediately following his making of his complaint, such that this act would deter a reasonable employee from engaging in activity protected under New York Labor Law § 215 for his or her opposition to and/or participation in lodging complaints against Defendants for their unlawful violations of the New York Labor Law.

73. As a direct and proximate result of the unlawful and retaliatory conduct by Defendants in violation of the New York Labor Law § 215, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

74. As a direct and proximate result of the unlawful and retaliatory conduct by Defendants in violation of the New York Labor Law § 215, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

75. The unlawful and retaliatory conduct by Defendants in violation of the New York Labor Law § 215 was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, warranting an award of punitive and/or liquidated damages against Defendants.

## FIFTH CLAIM FOR RELIEF

### (Conversion)

76. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 75, inclusive, as if fully set forth herein.

77. As previously alleged, Plaintiff is a salesperson who received salary and commission for selling wireless telecommunications products.

78. Plaintiff earned commissions on the sale of wireless telecommunications products.

79. At all times relevant herein, Plaintiff was entitled to the immediate possession of the wages he earned through his commissioned sales.

80. Defendants, however, instituted a policy and practice of failing to pay Plaintiff commissions for all of the wireless telecommunications products he sold.

81. As a result, Defendants wrongfully interfered with the rights of Plaintiff to immediate possession of the full amount of his earned wages.

82. As a direct result of Defendants' unlawful conversion of Plaintiff's earned wages to which he was entitled to immediate possession, Plaintiff has suffered, and continues to suffer, substantial economic damages.

83. Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, warranting an award of punitive damages against Defendants.

## **SIXTH CLAIM FOR RELIEF**

### (Unjust Enrichment)
### (Plead in the Alternative)

84. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 83 inclusive, as if fully set forth herein.

85. As previously alleged, Plaintiff is a salesperson who received commission-based wages for selling wireless telecommunications products.

86. As part of Defendants' efforts to secure and retain the services of Plaintiff throughout his tenure at the Company, Defendants represented to Plaintiff that his commissions would be earned on sale and that his compensation would be based on 7% of the gross sales amount minus product cost.

87. Defendants, however, instituted a policy and practice of paying Plaintiff commissions that were far below what was promised to him, resulting in a gross injustice if Defendants' promises are not enforced.

88. As a direct result of Plaintiff's reasonable and foreseeable reliance upon the promises made to him by Defendants regarding the payment of earned wages, Defendants have been unjustly enriched and Plaintiff has suffered, and continues to suffer, substantial economic damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

14

A. Declaratory judgment that the actions, policies and practices of Defendants complained of herein violate the laws and public policy enforced under the FLSA and NYLL;

B. An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any further unlawful practices and policies as set forth herein;

C. Certifying the first (1) and third (3) claims set forth hereto as a collective action;

D. on the first (1) claim, awarding back pay, liquidated damages equal to back pay, interest, litigation costs, and reasonable attorneys' fees;

E. on the second (2) claim, awarding back pay, liquidated damages equal to back pay, pre-judgment and post judgment interest, litigation costs, and reasonable attorneys' fees;

F. on the third (3) and fourth (4) claim, awarding back pay, liquidated, and emotional damages to the extent permitted by statute;

G. on the fifth (5) and sixth (6) claim, awarding damages in an amount to be determined at trial, plus interest, litigation costs, and reasonably attorneys' fees;

H. ordering the payment of pre-and post-judgment interest, to the extent permitted by statute;

I. ordering Defendants to pay litigation costs and disbursements;

J. ordering Defendants to pay attorneys' fees; and

K. granting to Plaintiffs such other and further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: Bohemia, New York
April 21, 2016

                              Respectfully Submitted,

                              ZABELL & ASSOCIATES, P.C.

                              By: _____
                                  Saul D. Zabell
                              1 Corporate Drive, Suite 103
                              Bohemia, New York 11716
                              Telephone: (631) 589-7242
                              Facsimile: (631) 563-7475

                              COUNSEL FOR PLAINTIFF

## VERIFICATION

**STATE OF NEW YORK** )
) ss:
**COUNTY OF SUFFOLK** )

**FRANK ALTAMURA**, duly sworn, deposes and says:

I am the plaintiff in the above captioned action. I have read the foregoing Complaint and know the contents thereof, and the same are true to my knowledge except those matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
FRANK ALTAMURA

Sworn to before me this
21st day of April, 20016:

_____
NOTARY PUBLIC

RUSSELL JOHN PLATZEK
Notary Public, State of New York
No. 02PL6212250
Qualified in Nassau County
Commission Expires Oct. 13, 20 17

17