**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FRANK ALTAMURA,

                      Plaintiff,

         - against -

RELIANCE COMMUNICATIONS, LLC,
IRTYME COMMUNICATIONS, LLC, DELHI
HEIGHTS, LLC, WIRELESS WORKS NY INC., and
PARVEEN NARULA, in his individual and
official capacities,

                      Defendants.
-----------------------------------------------------------X

                                         **ORDER**

                                CV 16-1964 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This Order addresses various submissions of the parties found at docket entries 31 through 38.

**A.**      **Verification of Defendants' Discovery Responses**

      In the first letter motion [DE 31], Plaintiff seeks an Order from the Court compelling Defendants to provide sworn verifications for the interrogatory responses of Defendants Parveen Narula and Reliance Communications, LLC to Plaintiff's First Set of Interrogatories.  Plaintiff's counsel states that on April 25, 2017, he conferred with Defendants' counsel via telephone regarding the lack of verification, but that defense counsel conveyed an unwillingness to address the matter since the discovery deadline had passed.  Plaintiff's counsel points out that the Court extended the discovery deadline to June 23, 2017 [DE 30], rendering counsel's subsequent application [DE 31] timely.

      In his opposition to Plaintiff's motion, defense counsel acknowledges that the interrogatory responses were not verified and attributes that failure to an "oversight."  DE 32.  As

such, defense counsel agrees to produce the necessary verification of Defendant Narula's responses, which the Court notes counsel should have done in any case, even if the deadline had expired, which was not the case. With regard to Reliance Communications, however, counsel explains that the individual who was "the sole and key bearer of knowledge" for some of the responses, Mark Feldman, is no longer with the company. As a consequence, "there is no one in Reliance Communications, LLC who can truthfully verify the entirety of Defendants' response to Plaintiff's First Set of Interrogatories" to the company. The Court turns to an assessment of the parties' papers.

At the outset, the Court notes that the parties' submissions are woefully deficient. Neither side cites a <u>single case</u> in support of their respective positions. It is also apparent that the parties failed to comply with their obligations under Local Civil Rule 37.3 to engage in a good faith meet-and-confer to resolve their issues. In DE 31, Plaintiff's counsel represents that he discussed the lack of verification with opposing counsel on April 25, 2017, the very day he filed the instant motion to compel [DE 31]. That action does not comply with the letter or the spirit of Rule 37.3. Counsel's failure in this regard is particularly problematic in light of the fact that the responses were, according to Defendants' counsel, served on Plaintiff's counsel in August and September 2016. Plaintiff's counsel had ample time to discuss any issues pertaining to Defendants' responses in advance of filing his motion. The failure of Plaintiff's counsel to comply with Rule 37.3 in itself constitutes adequate grounds for denying Plaintiff's motion. In the interest of judicial economy, however, the Court will address the merits of the application. In the future, any application that fails to adhere strictly to the provisions of Rule 37.3 will not only be rejected outright, but the Court will consider remedial action.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, "a party may serve on any other party no more than 25 written interrogatories...." Fed. R. Civ. P. 33(a)(1); *see Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012). Interrogatories play a critical role in litigation. They aim to "expeditiously narrow the scope of the litigation, reduce the element of surprise, serve as admissions for trial, and in a significant matter avoid unnecessary discovery and minimize expense." *See Trueman v. New York State Canal Corp*., No. 1:09-CV-049, 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010) (citing James Wm. Moore et al., Moore's Federal Practice § 33.03 (3d ed. 2009)) (internal citation omitted).

The method by which interrogatories may be answered differs between natural persons and corporations. Fed. R. Civ. P. 33(b)(1). Since Defendants have agreed to verify Narula's responses, the instant dispute pertains only to Plaintiff's interrogatories addressed to the corporate defendant, Reliance Communications. In relevant part, Rule 33(b)(1)(B) provides that the interrogatories must be answered, "if [the responding party] is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B); *see Jacob v. City of New York*, No. 07 CV 04141, 2009 WL 383752, at *2 (E.D.N.Y. Feb. 6, 2009); *see also Allstate Ins. Co. v. A & F Med. P.C*., No. 14-CV-6756, 2017 WL 2445185, at *2 (E.D.N.Y. June 5, 2017); *Lastick v. Bahama Cruise Line, Inc*., No. 88 CIV. 3624, 1990 WL 139023, at *5 (S.D.N.Y. Sept. 18, 1990). Regardless of whether the interrogatories are addressed to a natural person or a company, the responding party is required to answer each interrogatory "separately and fully under oath," Fed. R. Civ. P. 33(b)(3); *287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976, 2012 WL 1899222, at *9 (E.D.N.Y. May 24, 2012), and to sign his or her responses. Fed. R. Civ. P. 33(b)(5); *see Granados v. Traffic Bar & Rest., Inc*., No. 13 CIV 0500,

2015 WL 9582430, at *4 (S.D.N.Y. Dec. 30, 2015) (citing *Haber v. ASN 50th Street, LLC*, 272 F.R.D. 377, 379 (S.D.N.Y. 2011); Fed. R. Civ. P. 33(b)(3),(5); *In re World Trade Center Disaster Site Litigation*, 722 F.3d 483, 487–88 (2d Cir. 2013)) (Fed. R. Civ. P. Rule 33(b) "provides that interrogatories must be answered by 'the party to whom they are directed' or by an officer or agent 'if [the] party is a public or private corporation, a partnership, an association, or a governmental agency.' Furthermore, such answers must be 'verified,' i.e., answered and signed under oath by the person answering.") (internal citation omitted); *see also Brill v. Queens Lumbar C., Inc.*, No. 10-1975, 2012 WL 441287, at *5 (E.D.N.Y. 2012) (Rule 33(b)(5) "requires parties to certify their answers to interrogatories with a signed and sworn verification statement.").

Here, defense counsel represents that Mark Feldman, the individual who responded to the interrogatories on behalf of Reliance Communications, is no longer employed by the company and is thus unavailable to verify his responses. A responding party's unavailability does not obviate Rule 33's verification requirement. *See Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970) (The court issued preclusive sanctions after rejecting the argument that the plaintiff was unable to verify his interrogatory responses on the grounds that he was a seaman and thus unavailable.), *aff'd*, 447 F.2d 1358 (2d Cir. 1971); *see also McDougall v. Dunn*, 468 F.2d 468, 472 (4th Cir. 1972) (citing *Cabales*, 51 F.R.D. at 499) ("Nor is the [verification] requirement of the Rule to be relaxed merely because of difficulties relating to the availability of the party.")[1]; *but see Fyodorova v. National Enquirer, Inc*., 89 F.R.D. 68 (S.D.N.Y. 1981)

---

[1]     The Court acknowledges that these cases pertain to interrogatories served on natural persons. The verification requirement, however, does not differ between interrogatories addressed to natural persons and those addressed to companies. *See* Fed. R. Civ. P. 33(b)(5). What differs is the person who may respond to the interrogatories and the extent to which

(determining that the plaintiff need not verify her interrogatory responses since doing so posed a risk to her safety while she resided in what was then the Soviet Union).

"The oath requirement applicable to interrogatories has legal significance. Courts have routinely refused to consider interrogatories that do not comport with that mandate." *Steptoe v. City of Syracuse*, No. 5:09-CV-1132, 2011 WL 6012941, at *5 (N.D.N.Y. Nov. 1, 2011) (citing *Trueman*, 2010 WL 681341, at *5; *Miroglio S.P.A. v. Conway Stores, Inc.*, No. 05–CIV00121, 2008 WL 4600984, at *6 (S.D.N.Y. Oct. 15, 2008); *Cabales*, 51 F.R.D. at 499), *report and recommendation adopted*, No. 5:09-CV-1132, 2011 WL 6012040 (N.D.N.Y. Nov. 30, 2011), *aff'd*, 513 Fed. App'x 8 (2d Cir. 2013). "In addition, a party who fails to comply with discovery requests, including interrogatories, is subject to the sanctions provided in Fed. R. Civ. P. 37(b)(2)(A) (i-vi) and Fed. R. Civ. P. 37(d)(3)." *Brill*, 2012 WL 441287, at *5.

Defendants' counsel maintains that Feldman was the "sole or key bearer" of knowledge for some of the interrogatory responses. However, when it comes to interrogatories addressed to corporations, the responding party need not have personal knowledge of each individual answer. The Court finds the following language taken from *Shepherd v. ABC, Inc.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995) to be instructive:

> Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by furnishing such information as is available to the party. Of course, the representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate. The representative may accomplish this through whatever internal process the corporation has chosen, including discussions with counsel.

---

responses must be based on personal knowledge. *Id.* (b)(1); *see infra* discussion on *Shepherd v. ABC, Inc.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995).

*Shepherd* is regularly cited by courts in this district.  *See e.g., Gucci Am., Inc. v. Exclusive Imports Int'l,* No. 99 CIV.11490, 2002 WL 1870293, at *8 (S.D.N.Y. Aug. 13, 2002) (quoting *Shepherd*, 62 F.3d at 1482); *Shire Labs., Inc. v. Barr Labs.*, Inc., 236 F.R.D. 225, 228 (S.D.N.Y. 2006) (quoting the same); *accord Gazvoda v. Sec'y of Homeland Sec.*, No. 15-CV-14099, 2018 WL 1281756, at *4 (E.D. Mich. Mar. 13, 2018) (quoting Rule 33 Commentary at Footnotes 83-86) ("The person is not required to have personal knowledge of any or all of the information sought, and indeed cannot limit his answers to matters within his personal knowledge.  Rather, the person must reasonably ensure that the answers provided accurately furnish the information available to the organization.") (internal quotation marks omitted); *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) (citing *Shepherd*, 62 F.3d at 1482) ("Thus, an individual party is treated differently than a party that is a business entity; the former must answer interrogatories based on personal knowledge, whereas the latter may answer interrogatories based on available information."); *United States v. 58.16 Acres of Land, more or less in Clinton Cty., State of Ill.*, 66 F.R.D. 570, 572 (E.D. Ill. 1975) (citing *Security Mutual Casualty Co. v. Rich*, 20 F.R.D. 112 (W.D. Pa. 1956); *Greenbie v. Noble*, 18 F.R.D. 414 (S.D.N.Y. 1955); *Hornung v. Eastern Automobile Forwarding Co.*, 11 F.R.D. 300 (N.D. Ohio 1951)) ("It is clear that a private corporation can not avoid answering an interrogatory by an allegation of ignorance if it can obtain the requested information from the sources under its control.").  If "the responding party cannot provide the details necessary to respond adequately, it has two options." *Trueman*, 2010 WL 681341, at *3.  It may defer the answer until a later time, after the corporation obtains more discovery, *id*. (citing Fed. R. Civ. P. 33(b)(3); *Zapata v. IBP, Inc.*, 1995 WL 293931 (D. Kan. May 10, 1995); *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 51 (N.D.N.Y. 1997)), or it may "elect the option provided in FED. R. CIV. P. 33(d) to substitute

6

business records in lieu of a narrative answer to the interrogatory." *Id.* (citing *Nonferrous BM Corp., v. Caron Ltd*., No. 94-7705, 1996 WL 208182 (S.D.N.Y. Apr. 26, 1996)).

In light of this case law, the Court is granting Plaintiff's motion to compel Defendants to provide sworn verifications of Reliance Communications' responses to Plaintiff's interrogatories. Defense counsel must serve Reliance Communications' *verified* responses within 14 days of issuance of this Order.

**B.    Defendants' Motion for a Protective Order**

Turning to the Defendants' motion at DE 33, Defendants seek (1) a protective order relieving the Defendants from having to respond to Plaintiff's Second Set of Interrogatories to Reliance Communications and (2) an order directing that copies of documents responsive to Plaintiff's Third Demand for the Production of Documents be turned over to an independent auditor. According to the motion, Plaintiff served the interrogatories and document demands in or about October 2016. Defendants' counsel appears to concede that he never responded to the interrogatories. He explains that it was not until several months later, in reviewing a letter dated April 25, 2017, that Plaintiff addressed the outstanding nature of Defendants' responses. At that time, Plaintiff's counsel threatened Court intervention if responses were not served by May 1, 2017.

Defendants argue that responses to Plaintiff's Second Set of Interrogatories to Reliance Communications are not necessary because Plaintiff's counsel deposed Defendant Parveen Narula on April 21, 2017[2] and could have asked the questions set forth in those interrogatories during the deposition. Moreover, Defendants' counsel asserts that the interrogatories concern

---

[2]    As will be discussed below in the context of Plaintiff's request that the Court compel the continued deposition of Defendant Narula, Narula's April 21, 2017 deposition was stopped prior to expiration of the presumptive seven-hour time limit.

information within the knowledge of Mark Feldman who is no longer with Reliance Communications. As to Plaintiff's Third Demand for the Production of Documents, Defendants seek an "order authorizing copies of all responsive documents to be turned over to an independent third party auditor or a Court appointed auditor." According to Defendants' counsel, as a distributor for Verizon Wireless, Reliance Communications enters into agreements with original equipment manufacturers. Those agreements include "broad and comprehensive confidentiality provisions" and violating those provisions would be deemed a breach that could have "devastating effects" on Reliance Communications. Defendants' counsel argues that the Stipulation and Order of Confidentiality currently in place does not adequately protect Reliance Communications' interests in this regard since Plaintiff's counsel has refused to accept the "confidential" designation that defense counsel seeks to afford those agreements. This is of particular concern to Defendants' counsel since Plaintiff is still employed in the same industry as Reliance Communications and has been "disparaging Mr. Narula and Reliance to others within the industry." Defendants' counsel believes that Plaintiff will use the sensitive information contained within those agreements for improper purposes. Plaintiff's counsel did not file an Opposition to Defendants' motion.

Once again, the Court finds that counsel failed to comply with Local Rule 37.3 since it appears no good faith effort to meet and confer was made. Moreover, Defendants' counsel has not cited a single case in support of his position. These deficiencies constitute adequate grounds for denying Defendants' motion outright as previously noted. However, in an effort to resolve the pending disputes and get discovery back on track, the Court is reluctantly considering the merits of counsel's application. With regard to counsel's request for a protective order precluding Defendants from responding to Plaintiff's Second Set of Interrogatories, that portion

of the application is DENIED.  Fed. R. Civ. P. 33(a) permits parties to serve up to 25

interrogatories.  *See Riddle v. Liz Claiborne, Inc*., No. 00 CIV.1374, 2003 WL 21982967, at *1

(S.D.N.Y. Aug. 19, 2003).  Moreover, counsel has not filed a motion pursuant to Local Rule

37.1, which is the proper method for challenging specific interrogatory responses.  "Generalized

objections that a discovery request is burdensome without resort to specific reasons is [ ]

insufficient to justify a refusal to respond."  *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y.

2003) (citing *Burns v. Imagine Films Entertainment, Inc*., 164 F.R.D. 589, 592–93 (W.D.N.Y.

1996)).  The attempt by Defendants' counsel to put the onus on opposing counsel for not

objecting sooner, or for proceeding with Parveen Narula's deposition without having the

interrogatory responses, is unconvincing, at best.

      With regard to counsel's representation that the interrogatories pertain to Feldman's

responses, this Court has directed that a corporate representative of Reliance Communications be

substituted in for Feldman.  Counsel is essentially asking the Court to absolve and excuse

Reliance Communications' failure to respond to Plaintiff's interrogatories without proffering any

substantive reason why that relief should be granted.  The Court declines to do so.

      The Court will now address the portion of Defendants' application which seeks an

order directing that copies of documents responsive to Plaintiffs' Third Demand for the

Production of Documents be turned over to an independent auditor.  According to defense

counsel, "[s]uch auditor will be able to determine, inter alia, the cost of the pertinent goods, the

selling price of the pertinent goods, and the commissions earned by and paid to Frank Altamura

which at day's end is the gravamen of this litigation."  As noted, counsel argues that the

Stipulation and Order of Confidentiality currently in place does not adequately address Reliance

Communications concerns since Plaintiff's counsel refuses to accept defense counsel's designation of the relevant agreements as "confidential."

The Court has no intention of appointing an independent auditor because of the dispute over designating documents as "confidential." Defendants' counsel is free to designate any document "confidential" so long as counsel has a legitimate good faith basis for doing so. Likewise, Plaintiff's counsel is free to challenge the designation through the procedure set up in the Stipulation and Order of Confidentiality. This is not a matter of Plaintiff's counsel "refusing to accept" a designation of a document as confidential. Both sides are bound by the procedure they signed onto in the Stipulation and Order of Confidentiality. Perhaps counsel should have addressed distinguishing levels of confidentiality depending on the nature of the specific document (*i.e.*, a higher level reserved for trade secrets). Moreover, the Court is unaware why proprietary information such as pricing and commissions which Defendants' counsel is now concerned about was not specifically included in ¶ 1 of the Confidentiality Agreement. Counsel should discuss amending that agreement to address these issues.

Where a designation as "confidential" is contested, the party seeking such designation must establish "good cause" for it. *U2 Home Entm't, Inc. v. KyLin TV, Inc.*, No. 06-CV-2770, 2008 WL 1771913, at *2 (E.D.N.Y. Apr. 15, 2008) (quoting *Lachica v. City of New York*, 94-CV-7379, 1995 WL 77928, at *1 (S.D.N.Y. Feb. 23, 1995)); *see King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540, 2010 WL 3924689, at *3 (E.D.N.Y. Sept. 28, 2010) (citing *U2 Home Entm't, Inc.*, 2008 WL 1771913, at *2 ("[T]he burden remains on the party resisting disclosure to demonstrate good cause for maintaining confidentiality, pursuant to Rules 26(c) and 5.2(e).")); *see also Houbigant, Inc. v. Dev. Specialists, Inc.*, No. 01 CIV. 7388, 2003 WL 21688243, at *2 (S.D.N.Y. July 21, 2003) (citing *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171

F.R.D. 135, 143 (S.D.N.Y. 1997)) ("A party seeking a protective order bears the burden of showing that the information it seeks to protect is confidential.").  The moving party may satisfy its burden "by making a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Houbigant, Inc*., 2003 WL 21688243, at *2 (quoting *Application of Akron Beacon Journal*, No 94-1402, 1995 WL 234710, at *10 (S.D.N.Y. Apr. 20, 1995)).  Moreover, the existing Stipulation and Order of Confidentiality entered into by the parties provides that "the designating party shall bear the burden of demonstrating that the material is confidential, private, proprietary or otherwise should be protected from disclosure." Stipulation and Order of Confidentiality [DE 21] ¶ 9.

Defendants' counsel has failed to satisfy his burden here.  Instead, he argues in general terms that Plaintiff will use the sensitive information contained within those agreements for improper purposes unrelated to the litigation.  Such conclusory allegations are insufficient to grant the relief he is seeking.  *See id*. (citing *Cuno*, 117 F.R.D. at 508; *see Greater Miami Baseball Club Ltd. P'ship v. Selig*, 955 F. Supp. 37, 40 (S.D.N.Y.1997)).  For the foregoing reasons, Defendants' motion [DE 33] is DENIED.

**C.    The Narula Deposition**

The Court now turns to DE 34, an application precipitated by a dispute which arose between counsel during Defendant Narula's April 21, 2017 deposition.  Plaintiff's counsel states that "[d]ue to the general non-compliance and overall obstructionist behavior on the part of Defendant Narula and his Counsel during the deposition," Plaintiff's counsel contacted the Court for assistance.  At that time, Judge Locke handled the dispute.  According to Plaintiff's motion, Judge Locke ruled that counsel had four hours at the courthouse to depose Mr. Narula, minus any further time spent questioning Mr. Narula that day.  If the parties hit a roadblock, Judge Locke

directed that the deposition would be deemed done for that day.  Counsel argues that the parties did indeed hit the roadblock foreseen by Judge Locke and the deposition ended without being completed.  Counsel adds that on May 24, 2017, he and Defendants' counsel met and conferred via email regarding the scheduling of depositions.  Plaintiff's counsel claims that Defendants' counsel is operating under the mistaken belief that Parveen Narula's deposition was completed and has refused to produce him for further questioning in purported violation of Judge Locke's ruling.

Defendants' counsel argues, on the other hand, that Plaintiff's counsel waived his ability to continue Defendant Narula's deposition when he ended it by throwing defense counsel and Mr. Narula out of his office.  *See* DE 35.  Counsel further argues that should the Court decide the deposition may continue, then Defendants' counsel requests the following:   (1) the deposition take place in the Courthouse, (2) that it be limited to 2.5 hours in length and (3) that it, and all future depositions, be videotaped.

The Court has reviewed the relevant portion of the Narula deposition transcript and refers the parties to the following colloquy:

> Judge Locke:   I'm giving you four hours in the courthouse that you said you needed. If you cut that down as Mr. Gionis has suggested do that.
>
> Mr. Zabell:   But I would rather do that in the courthouse, Judge.
>
> Mr. Gionis:   I don't want to waste the rest of today.
>
> Judge Locke:   I heard both sides. Finish what you can today. That's the ruling and then give me the rest of the time you need and when you're coming into court, all right?
>
> Mr. Gionis:   Thank you.
>
> Mr. Zabell:   Judge, one last thing, Judge, are you there?

> Judge Locke:   I am now, what?
>
> Mr. Zabell:    I'm sorry, if you want us to continue for the next hour
>                and a half I'll do that, but I don't think that it would
>                be appropriate to restrict me not to have the ability to
>                call Your Honor to intercede if I
>
> Judge Locke:   That's a different problem because I have to leave. I
>                didn't know this was coming up today. So, get as far
>                as you can. If you have an interruptible roadblock,
>                and there are no other questions, and you can't switch
>                topics, then you'll have to be done. But the ruling is
>                finish as much you can today.

April 21, 2017 Deposition Transcript of Mike Narula at 201-03.  The Court finds no

equivocation in Judge Locke's ruling — Plaintiff has the right to conduct a continued deposition

of Defendant Narula.  Judge Locke's ruling did not condition that right on the manner in which

the deposition ended and Defendants' counsel has not pointed out any such condition.  Rather,

Judge Locke stated that if the parties hit a "roadblock," they "will have to be done."  The Court

therefore will permit Plaintiff's counsel to finish Defendant Narula's deposition.  In accordance

with Judge Locke's ruling, that deposition will take place in Courtroom 910, on a date and time

to be approved in advance by the Court.  Pursuant to Judge Locke's ruling, Plaintiff's counsel

will have four hours to complete the deposition, *minus* the amount of time that passed between

the ruling and the time that the deposition ended.  Within ten days, counsel for both sides shall

agree upon two alternate dates for Narula's deposition and shall submit those proposed dates to

the Court for review and approval.[3]

Defendants' counsel also requests that Narula's continued deposition as well as any

future depositions be videotaped.  In opposition, Plaintiff's counsel "concedes that it is within

---

[3]    Counsel are advised that Courtroom 910 will be in use for a scheduled trial during the last
two weeks of April.

Defendants' rights to video record depositions they conduct.  However, Defendants are not

empowered to dictate which method of recording Plaintiff chooses to utilize in conducting his

deposition."  DE 38 at 2.

Pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), "[u]nless the court orders

otherwise, testimony may be recorded by audio, audiovisual, or stenographic means."  Moreover,

Rule 30(b)(3)(B) provides that:

> With prior notice to the deponent and other parties, *any party* may
> designate another method for recording the testimony in addition to
> that specified in the original notice. That party bears the expense of
> the additional record or transcript unless the court orders otherwise.

Fed. R. Civ. P. 30(b)(3)(B) (emphasis added).  Consequently, the Defendants may video record

any future depositions so long as Defendants provide the requisite notice of the intent to do so.

*See Greer v. Mehiel*, No. 15 CV 6119, 2017 WL 543453, at *2, (S.D.N.Y. Feb. 10, 2017)

(holding that "should the Defendants wish to record by stenographic means any of the

depositions that Plaintiff plans to record through audio-visual means, they may do so at their own

cost"); *see also Burgess v. Town of Wallingford*, No. 3:11-CV-1129, 2012 WL 4344194, at *6

(D. Conn. Sept. 21, 2012) ("[I]n general, 'unless a court orders otherwise, a party may

[audio]tape a deposition as a matter of right, as long as notice is given of the party's intention to

do so.'"); *Stern v. Cosby*, 529 F. Supp. 2d 417, 419–20 (S.D.N.Y. 2007) ("[U]nless the court

orders otherwise, a party may videotape a deposition as a matter of right, as long as notice is

given of the party's intention to do so.").  If Defendants' counsel decides to video record any

deposition, then pursuant to Rule 30(b)(3)(B), Defendants' counsel will bear the costs of doing

so.  *See Greer*, 2017 WL 543453, at *2.

Defendants' counsel also seeks an Order compelling opposing counsel to produce

Plaintiff Frank Altamura for a deposition.  *See* DE 35.  Plaintiff's counsel responds that he "will

happily produce Mr. Altamura for deposition once the deposition of Defendant Narula is complete." DE 38. Now that the Court has directed Defendant Narula to complete his deposition, Plaintiff's deposition shall follow thereafter on a date agreed upon by the parties. To the extent that the parties intend to use videotaping equipment for a deposition in the Courthouse, they must obtain advance written approval to bring any equipment into the Courthouse.

Defendants' counsel also seeks an extension of the overall discovery deadline and a conference before the undersigned to discuss outstanding discovery issues. The Court is granting the request to the extent that it is setting this matter down for an in-person conference on May 30, 2018 at 11 a.m., conditioned upon the parties providing the Court with an abbreviated list (no argument or discussion) of the asserted "discovery issues" at least one week in advance of the conference.

In light of the above findings, DE 31 is GRANTED; DE 33 is DENIED; DE 34 is GRANTED; and the affirmative relief requested in DE 35 is GRANTED to the extent stated here. DE 36 is rendered MOOT by virtue of DE 38 and the instant Order.

**SO ORDERED**.

Dated: Central Islip, New York
       March 30, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge