UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x Index No.: 16-CV-1964(DRH)(AYS)
FRANK ALTAMURA,

                Plaintiff,

     -against-

RELIANCE COMMUNICATIONS, LLC,
AIRTYME COMMUNICATIONS, LLC, DELHI
HEIGHTS, LLC, WIRELESS WORKS NY INC.,
MYRA PROPERTIES LLC, PARVEEN NARULA,
in his individual and official capacities, and
ASHIMA NARULA, in her individual and
official capacities,

                Defendants.
-------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' <u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>

CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Defendant
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000

OF COUNSEL:
    Douglas E. Rowe, Esq.
    Christopher P. Dooley, Esq.

•   7704445.2

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

    a. Plaintiff's Motion for Summary Judgment ................................................1

    b. Defendants' Cross-Motion for Summary Judgment .................................2

STATEMENT OF FACTS .........................................................................................2

STANDARD OF REVIEW .........................................................................................3

ARGUMENT .............................................................................................................5

    I. The Court Should Disregard Plaintiffs' Rule 56.1 Statement.............................5

    II. Plaintiff's Claim for Unlawful Deductions Under the FLSA ...........................6

    III. Plaintiff's Claim for Failure to Pay Commissions Under the NYLL..............9

    IV. Plaintiff's Claim for Retaliation Under the FLSA .......................................12

    V. Plaintiff's Claim for Conversion .................................................................15

    VI. Plaintiff's Claim for Unjust Enrichment .....................................................16

    VII. The Court Should Deny Plaintiff's Motion for Summary Judgment as to
         his Fourth Cause of Action Because there are Triable Issues of Material Fact
         which Preclude Granting Summary Judgment in Plaintiff's Favor ...............17

    VIII. All Claims Against the Non-Reliance Defendants must be Dismissed.........20

CONCLUSION .......................................................................................................22

- 7704445.2

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)........................................................................................4

*Beard v. Banks*,
    548 U.S. 521 (2006)........................................................................................4

*Binder & Binder PC v. Barnhart*,
    481 F.3d 141 (2d Cir. 2007)............................................................................4

*Blodgett v. 22 S. St. Operations, LLC*,
    828 F. Appx. 1 (2d Cir. 2020).......................................................................19

*Bronner v. Park Place Ent. Corp.*,
    137 F. Supp. 2d 306 (S.D.N.Y. 2001)..........................................................10

*Carter v. Tuttnaeur U.S.A. Co., Ltd.*,
    78 F. Supp. 3d 564 (E.D.N.Y. 2015) .............................................................4

*Delaney v. Bank of Am. Corp.*,
    766 F.3d 163 (2d Cir. 2014)......................................................................3, 17

*Dunn. v. Sederakis*,
    143 F. Supp. 3d 102 (S.D.N.Y. 2015)......................................................13, 14

*Eastman Kodak Co. v. Image Technical Services, Inc.*,
    504 U.S. 451 (1992)........................................................................................4

*Ehrlich v. Howe*,
    848 F. Supp. 482 (S.D.N.Y. 1994) ..............................................................15

*Gallegos v. Brandeis School*,
    189 F.R.D. 256 (E.D.N.Y. 1999)...................................................................9

*Gengo v. City Univ. of N.Y.*,
    Case No.: 07-CV-681(KAM)(JMA), 2010 WL 6372012 (E.D.N.Y. Dec. 2,
    2010), *aff'd* 479 Fed. Appx. 382 (2d Cir. 2012) ...........................................3

*Giannullo v. City of New York*,
    322 F.3d 139 (2d Cir. 2003)...........................................................................5

•   7704445.2

*Greathouse v. JHS Sec. Inc.*,
   784 F.3d 105 (2d Cir. 2015)...................................................................................13

*Grossman v. Simply Nourish Pet Food Co. LLC*,
   516 F. Supp. 3d 261 (E.D.N.Y. 2021) ...................................................................16

*High View Fund, L.P. v. Hall*,
   27 F. Supp. 2d 420 (S.D.N.Y. 1998)......................................................................16

*Holtz v. Rockefeller & Co., Inc.*,
   258 F.3d 62 .............................................................................................................5

*Hudson Neurosurgery, PLLC v. UMR, Inc.*,
   No. 20-CV-9642(KMK), 2022 WL 902107 (S.D.N.Y. Mar. 28, 2022)...................16

*Hunt v. Cromartie*,
   526 U.S. 541 (1999).................................................................................................4

*Intertex Trading Corp. v. Ixtaccihuatl S.A. de CV*,
   754 F. Supp. 2d 610 (S.D.N.Y. 2010).................................................................9, 17

*Jeanty v. Newburgh Beacon Bus Corp.*,
   No. 17-CV-9175(CS), 2018 WL 6047832 (S.D.N.Y. Nov. 19, 2018) .....................14

*Jones v. Pawar Bros. Corp.*,
   434 F. Supp. 3d 14 (E.D.N.Y. 2020) .....................................................................17

*Kaur v. Royal Arcadia Palace, Inc.*,
   643 F. Supp. 2d 276 (E.D.N.Y. 2007) ...................................................................20

*Komlossy v. Faruqi & Faruqi, LLP*,
   No. 15 CIV. 9316 (KPF), 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017), *aff'd*,
   714 F. Appx. 11 (2d Cir. 2017)..........................................................................10, 16

*LaBella v. New York City Admin. for Children's Servs.*,
   No. 02-CV-2355(NGG)(KAM), 2005 WL 2077192 (E.D.N.Y. Mar. 28, 2005) ..................19

*Ling Nan Zheng v. Liberty Apparel Co., Inc.*,
   617 F3d 182 (2d Cir. 2010)......................................................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S. Ct. 1348 (1986)......................................................................3

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)...............................................................................................17

iii

*Mokrov v. Aeroflot Russian Airlines*,
  No. 20 CIV. 588 (GBD), 2021 WL 2435801 (S.D.N.Y. June 15, 2021)...............................14

*Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir.2013)..............................................................................................14

*Nasso v. Bio Reference Lab'ys, Inc.*,
  892 F. Supp. 2d 439 (E.D.N.Y. 2012) ....................................................................10, 11, 15

*Pachter v. Bernard Hodes Grp., Inc.*,
  541 F.3d 461 (2d Cir. 2008).................................................................................................7

*Patterson v. Country of Oneida*,
  375 F3d 206 (2d Cir. 2004).................................................................................................6

*Pierre v. Air Serv Sec.*,
  No. 14-CV-5915(MKB)(ST), 2016 WL 11396816, at *12 (E.D.N.Y. July 28,
  2016), *report and recommendation adopted*, No. 14-CV-5915(MKB)(ST),
  2016 WL 5136256 (E.D.N.Y. Sept. 21, 2016) ......................................................................14

*Pik Quan Leong v. 127 Glen Head Inc.*,
  102 F. Supp. 3d 450 (E.D.N.Y. 2015) ..................................................................................3

*Quintanilla v. Suffolk Paving Corp.*,
  No. CV 09-5331(AKT), 2019 WL 885933 (E.D.N.Y. Feb. 22, 2019).......................13, 18, 19

*Salomon v. Adderley Indus., Inc.*,
  960 F. Supp. 2d 502 (S.D.N.Y. 2013)...................................................................................21

*Scarpinato v E. Hampton Point Mgt. Corp.*,
  No. 12-CV-3681(JFB)(GRB), 2013 WL 5202656 (EDNY Sept. 13, 2013) .........................17

*Sevilla v. House of Salads One LLC*,
  No. 20-CV-6072(PKC)(CLP), 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022) ..................20, 21

*Taveras v. HRV Mgmt., Inc.*,
  No. 17-CV-5211-SJB, 2020 WL 1501777 (E.D.N.Y. Mar. 24, 2020) ....................................5

*Torres v. Gristede's Operating Corp.*,
  628 F. Supp. 2d 447 (S.D.N.Y. 2008).................................................................................18

*U.S. Info. Sys. v. Int'l. Broth. of Elec. Workers Local Union No. 3*,
  2006 WL 2136249* ..............................................................................................................5

iv

*Wight v. BankAmerica Corp.*,
    219 F.3d 79 (2d Cir. 2000) ............................................................................5

*Windsor v. United States*,
    699 F.3d 169 (2d Cir. 2012) ..........................................................................3

**State Cases**

*Guterman v. RGA Accessories*,
    196 A.D.2d 785, 602 N.Y.S.2d 116 (1st Dept. 1993) ............................11, 12

*McCollester v. Chisholm*,
    104 A.D.2d 361, 478 N.Y.S.2d 691 (2d Dept. 1984) ...............................10

**Federal Statutes**

29 U.S.C. § 201 et. seq. ....................................................................................6, 7, 8

FLSA § 15(a)(3) ..................................................................................................17

**State Statutes**

Gen. Oblig. § 5–701(a)(1) ..............................................................................9, 10

NYLL § 215 ........................................................................................................17

**Rules**

Fed. R. Civ. P. 56(a) ...........................................................................................3

Fed R. Civ. P 56(b) .............................................................................................1

Fed R. Civ. P. 56(c) .............................................................................................3

Rule 56.1 ....................................................................................................... *passim*

• 7704445.2

## PRELIMINARY STATEMENT

Defendants Reliance Communications, LLC ("Reliance"), Airtyme Communications, LLC ("Airtyme"), Delhi Heights, LLC ("Delhi"), Wireless Works NY, Inc. ("Wireless Works"), Myra Properties, LLC ("Myra"), Parveen Narula ("Parveen"), and Ashima Narula ("Ashima") (hereinafter collectively referred to as the "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's motion brought pursuant to Rule 56(b) of the Federal Rules of Civil Procedure for summary judgment, and in support of Defendant's cross-motion brought pursuant to Rule 56(b) of the Federal Rules of Civil Procedure for summary judgment.

### a. Plaintiff's Motion for Summary Judgment

In this action, for purported violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Plaintiff seeks the drastic remedy of summary judgment for each of his six causes of action.  Rather than being based upon any recognizable legal authority, Plaintiff's motion is instead predicated on a series of assumptions which are simply not supported by the record before this Court and are very much contested.  Plaintiff nevertheless ignores the fact that none of the evidence or testimony before this Court supports his causes of action, besides the testimony and self-serving conclusions of Plaintiff—which itself often supports dismissal of this action.   In short, Plaintiff's motion for summary judgment is unsupported by anything other than Plaintiff's own self-serving and conclusory allegations.

Plaintiff seeks summary judgment on six (6) purported causes of action as follows:

1) Unlawful deductions from payroll in violation of the FLSA;

2) Failure to pay earned commissions in violation of the NYLL;

3) Retaliation in violation of the FLSA;

4) Retaliation in violation of the NYLL;

- 7704445.2

5) Conversion; and

6) Unjust enrichment.

For the reasons set forth herein, summary judgment should not be granted to Plaintiff on any of the above causes of action.

### b. Defendants' Cross Motion for Summary Judgment

Contrary to Plaintiff's Memorandum of Law in Support, the Declaration of Saul Zabell in Support, and Plaintiff's Rule 56.1 Statement, *Defendants* are entitled to summary judgment on Plaintiff's purported causes of action for: 1) unlawful deductions from payroll in violation of the FLSA; 2) failure to pay earned commissions in violation of the NYLL; 3) retaliation in violation of the FLSA; 4) conversion; and 5) unjust enrichment.  Plaintiff has effectively sought to circumvent the fact that no enforceable commissions agreement exists by attempting to bring his claims under the FLSA and the NYLL.  The above causes of action simply do not exist under the cited law, or else they are otherwise legally precluded.  As to Plaintiff's cause of action for retaliation in violation of the NYLL, there remains genuine issues of material fact regarding that cause of action which preclude summary judgment on same.  Further, all causes of action must be dismissed against the non-Reliance Defendants, as Plaintiff cannot establish that any of them, beyond Reliance, were Plaintiff's employer.

### STATEMENT OF FACTS

Defendants respectfully refer this Court to Defendants' Rule 56.1 Statement of Facts for a complete recitation of the material facts not in dispute[1].

---

[1] Hereinafter, "Def ¶__" shall refer to a cited paragraph in Defendants' Rule 56.1 Statement of Facts.

2

- 7704445.2

## STANDARD OF REVIEW

The standards governing motions for summary judgment are well-settled.  A court may grant summary judgment only where there is no genuine issue of material fact, and the moving party is therefore entitled to judgment as a matter of law.  *See* Fed R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348 (1986); *see also Gengo v. City Univ. of N.Y.*, Case No.: 07-CV-681(KAM)(JMA), 2010 WL 6372012 (E.D.N.Y. Dec. 2, 2010), *aff'd* 479 Fed. Appx. 382 (2d Cir. 2012).  It is axiomatic that summary judgment is only appropriate where "the evidence, viewed in the light most favorable to the party against whom it was entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (internal quotation omitted); *see also* Fed. R. Civ. P. 56(a).  "The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor."  *Pik Quan Leong v. 127 Glen Head Inc.*, 102 F. Supp. 3d 450, 453 (E.D.N.Y. 2015) (*citing Nunn v. Mass. Cas. Ins. Co.*, 758 F.3d 109, 114 n. 4 (2d Cir.2014)).  "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Windsor v. United States*, 699 F.3d 169, 192 (2d Cir. 2012) (alteration, quotation marks, and citation omitted).

On a motion for summary judgment, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor.  *Beard v. Banks*, 548 U.S. 521, 530-31 (2006); *Hunt*

3

*v. Cromartie*, 526 U.S. 541, 550-55 (1999); *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 456 (1992); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Indeed, the Court must endeavor to resolve all ambiguities and draw all reasonable inferences in favor of the party opposing the motion for summary judgment. *Anderson*, 477 U.S. 242, 247-48.

If there is evidence in the record, including affidavits, exhibits, interrogatory answers, and depositions, as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. So long as more than one reasonable inference can be drawn, and one inference creates a genuine issue of material fact, the trier of fact is entitled to decide which inference to believe and summary judgment is not appropriate. *Hunt*, 526 U.S. at 552. If there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party cannot obtain summary judgment. *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007); *see Carter v. Tuttnaeur U.S.A. Co., Ltd.*, 78 F. Supp. 3d 564, 567 (E.D.N.Y. 2015) (summary judgment may not be granted unless all of the submissions taken together show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law). Significant to the case at bar, the Second Circuit recognizes that "FLSA claims typically involve complex mixed questions of fact and law ...." and 'mixed questions [of law and fact] are 'especially well-suited for jury determination ...' ". *Ling Nan Zheng v. Liberty Apparel Co., Inc.*, 617 F3d 182 (2d Cir. 2010).

4

## **ARGUMENT**

I.  **THE COURT SHOULD DISREGARD PLAINTIFF'S
    RULE 56.1 STATEMENT**

This Court should disregard Plaintiff's Rule 56.1 Statement as, *inter alia*, it fails to cite to admissible and complete evidence, makes disputed claims, relies on hearsay, and asserts unsupported and specious legal conclusions – all of which are outside the scope of the purpose of a Rule 56.1 Statement.  *See* Loc. Civ. R. 56.1.  Importantly, Plaintiff's Rule 56.1 Statement contains assertions which are contradicted by the sworn testimony in this case.  In lieu of Plaintiff's flatly improper Rule 56.1 Statement, this Court is respectfully referred to Defendants' own Rule 56.1 Statement of Material Facts submitted in support of Defendants' Motion of Summary Judgment for the actual undisputed material facts of this case.

Additionally, it should be noted that the Eastern District has held: "Rule 56.1 statements are not argument.  They should contain factual assertions, with citation to the record.... They should not contain conclusions." *Taveras v. HRV Mgmt., Inc.*, No. 17-CV-5211-SJB, 2020 WL 1501777, at *2 (E.D.N.Y. Mar. 24, 2020) (*quoting Rodriguez v. Schneider*, No. 95-CV-4083, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999)); *see also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.")

The Court has broad discretion to determine whether or not to overlook a party's failure to comply with local rules.  *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73; *see also Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000).  As such, "courts are free to strike or disregard inadmissible statement in parties' summary judgment submissions." *U.S. Info. Sys. v.*

• 7704445.2

*Int'l. Broth. of Elec. Workers Local Union No. 3*, 2006 WL 2136249* at *5; *see also Patterson v. Country of Oneida*, 375 F3d 206, 219, 222-23 (2d Cir. 2004).

Based on the foregoing, this Court should exercise its judicial discretion to disregard Plaintiff's Rule 56.1 Statement.  Said statement is riddled with false opinions, legal argument and conclusions, non-material facts and statements which are in dispute.  *See*, Defendants' Response to Plaintiff's Rule 56.1 Statement.

II.     **PLAINTIFF'S CLAIM FOR UNLAWFUL DEDUCTIONS UNDER THE FLSA**

Plaintiff plainly cannot be granted summary judgment on his claim for unlawful deductions from payroll in violation of the FLSA, as such a claim does not at all fall under the purview of the FLSA.  There remain numerous triable issues of material fact concerning this alleged "unlawful deduction", including but not limited to: any agreed-upon terms of commission calculation, the justification of the deductions, and Plaintiff's awareness and ratification of the commissions formula.  More importantly, Plaintiff's supposed First Cause of Action simply does not exist under the law.  As a result, *Defendants* must be granted summary judgment, dismissing this flawed cause of action.

Simply put: (1) the FLSA only provides for payment of minimum wages and overtime, it neither requires nor regulates the payment of commissions (29 U.S.C. § 201 et. seq.); (2) the FLSA does not provide a cause of action for unlawful deduction from wages (*Id.*); (3) Plaintiff is not, in fact, claiming a deduction from wages, but rather he is claiming that he was not paid the full commissions he believes he earned; and (4) assuming *arguendo* that Defendants did make deductions from earned wages, Plaintiff has not shown that such deductions would take Plaintiff's salary below the minimum wage.

6

• 7704445.2

A cursory view of the FLSA will reveal that the FLSA does not address deductions from payroll, unlawful or otherwise.  *See* 29 U.S.C. § 201, *et seq.*  Nor is there a cause of action for unlawful deduction under the FLSA, and Plaintiff does not provide any legal authority to support this novel reading of the FLSA in in his moving papers.  Instead, Plaintiff recites a skewed and inaccurate version of the facts of this case and repeatedly claims that deductions were made to his commissions without his knowledge (which is untrue) and makes conclusory accusations that this alleged practice was done in violation of the FLSA (while he provides no analogous case law to support this view).  At no point in his deposition testimony or in his pleadings has Plaintiff ever actually claimed that there were deductions from his salary—only that he did not earn the full commissions he unilaterally felt was owed to him.

The fact is that a formula, which was applied to salespersons across the board, and one which Plaintiff was aware of and was unchanged during his tenure with Reliance, resulted in adjustments made to his commissions to reflect a multitude of factors including, but not limited to, freight costs, sales that were ultimately not paid on, rebates, credits, and bad debts.  Def ¶¶14, 22, 27, 28.  Plaintiff acknowledged that once his prior company was bought by Reliance, he would now receive commissions based on "gross profit" instead of "gross sales".  Def ¶¶14, 17.  However, he claims that "gross profit" simply meant sales price minus product cost, without consideration for any of the other factors that would offset a profit.  Def ¶18.  As an aside, this view of "gross profit" is plainly nonsensical, as these factors clearly must be taken into account in order to even ascertain "gross profit."  Regardless, there is undoubtedly a factual dispute as to at which point the commissions could have been considered "earned wages."  *Pachter v. Bernard Hodes Grp., Inc.*, 541 F.3d 461, 464 (2d Cir. 2008) (Noting that the parties had structured an agreement such that, "[plaintiff's] commission would be deemed earned only after specific

7

• 7704445.2

deductions were taken…" and holding that "[plaintiff's] cause of action must fail, however, because it is undisputed that [plaintiff] knowingly acquiesced over a period of years to the approach used by [defendant] when calculating her commissions, conduct that constituted, at the very least, an implied agreement between the parties").

Similarly, here, there was an alleged oral agreement at the outset of Plaintiff's hiring by Reliance.  Though the parties dispute what that agreement entailed, it is undisputed that Plaintiff went years working for Reliance with only "pleasant" complaints about the calculation of commissions, until his profanity-laden outburst of April 22, 2015—even choosing to return to Reliance after leaving for several months. Def ¶¶20-22, 30.  Thus, Plaintiff's own conduct seems to undercut his argument that his commissions were wrongfully deducted at Parveen's unilateral whim.

In any event, the factual dispute between the parties is irrelevant—even if the Plaintiff could somehow show that deductions were made from "earned wages", the only way that conduct could fall under the purview of the FLSA is if those deductions would result in Plaintiff's wages falling below the minimum wage.  *See* 29 U.S.C. § 201, *et seq.*  Plaintiff has not pled such an allegation and he does not argue it now in his motion.  *See* Exhibit A[2].  As a result, Plaintiff cannot be granted summary judgment on a non-existent cause of action, and Defendants must instead be granted summary judgment and the First Cause of Action dismissed.

### III.   PLAINTIFF'S CLAIM FOR FAILURE TO PAY COMMISSIONS UNDER THE NYLL

Plaintiff's claims only masquerade as causes of action rooted in the NYLL and the FLSA. They are, more accurately, an alleged breach of an oral contract.  Plaintiff even concedes that his

---

[2] "Exhibit __" shall hereinafter refer to the exhibits annexed to the Declaration by Christopher Dooley, dated April 29, 2022.

•   7704445.2

claim under Section 191(1)(c) "rises and falls with Plaintiff's claim for breach of contract and any failure to establish a contractual right to wages necessarily precludes a statutory claim under New York's labor law."   *See* Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, at p. 4, *citing Williams v. Preeminent Protective Servs., Inc.,* No. 14-cv-5333, 2017 WL 1592556, at *4 (EDNY Apr. 28, 2017).   However, Plaintiff does not bring a claim for a breach of contract, perhaps being aware that any oral agreement for commissions would be wholly unenforceable under the applicable statute of frauds.   Section 5–701(a)(1) of the New York statute of frauds provides, in pertinent part:

> Every agreement, promise or undertaking is void, unless it ... be in writing ... if such agreement, promise or undertaking [b]y its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime.

N.Y. Gen. Oblig. Law § 5–701(a)(1) (2002).

In fact, Plaintiff's claim for failure to pay earned commissions in violation of the NYLL must be dismissed, as Plaintiff's Second Cause of Action "rises and falls" with the failure to establish an enforceable contract.   Plaintiff does not have an enforceable agreement for the payment of commissions.   Factual disputes aside, this alone precludes Plaintiff's motion for summary judgment.   "[T]o assert any substantive claim for wages under article 6, a plaintiff must have an enforceable contractual right to those wages."   *Gallegos v. Brandeis School*, 189 F.R.D. 256, 259 (E.D.N.Y. 1999); *see also Intertex Trading Corp. v. Ixtaccihuatl S.A. de CV*, 754 F. Supp. 2d 610, 613–14 (S.D.N.Y. 2010) ("If the Commission Agreement could not have been completed within one year, it will be unenforceable according to section 5–701(a)(1).").

Courts routinely hold oral commissions contracts to be unenforceable under the exact set of circumstances here.   *See, e.g., Bronner v. Park Place Ent. Corp.*, 137 F. Supp. 2d 306, 313

9

- 7704445.2

(S.D.N.Y. 2001) (dismissing a breach of contract action based upon an oral commissions agreement, "[a]s such, the alleged Compensation Agreement is unenforceable under the Statute of Frauds, and defendant's motion to dismiss is granted."); *Komlossy v. Faruqi & Faruqi, LLP*, No. 15 CIV. 9316 (KPF), 2017 WL 722033, at *6 (S.D.N.Y. Feb. 23, 2017), *aff'd*, 714 F. Appx. 11 (2d Cir. 2017) ("The Agreement is incapable of full performance within one year, and so falls within the Statute of Frauds, because the Firm has an indefinite obligation under the Agreement to pay Plaintiff fee commissions."); *McCollester v. Chisholm*, 104 A.D.2d 361, 478 N.Y.S.2d 691, 692 (2d Dept. 1984) (holding that a service contract of indefinite duration was not by its terms performable within a year because its "performance is dependent, not upon the will of the parties to the contract, but on that of a third party").  Similarly, as Plaintiff's commissions here arose from the continued business of an account, not on his actively generating additional sales, it was dependent on that of a third party and thus incapable of full performance within one year. Def ¶ 29.  On this issue, the holding in *Nasso v. Bio Reference Lab'ys, Inc*., 892 F. Supp. 2d 439, 447 (E.D.N.Y. 2012), is instructive.  There, a plaintiff claimed to have "entered into an oral agreement for the procurement of customer accounts that purportedly entitles him to a 10% commission every time that customer engages in business with Bio Reference."  *See id*.  Judge Bianco of the Eastern District held that "plaintiff's contract with Bio Reference is exactly the type of service contract of indefinite and unlimited duration to which New York courts have held that the Statute of Frauds applies."  *Id*.  The Court then cited *Guterman v. RGA Accessories*, 196 A.D.2d 785, 602 N.Y.S.2d 116, 117 (1st Dept. 1993), as holding that "oral agreement under which [plaintiff] was to earn commissions not only on those particular orders placed through him but also on all orders and future orders generated by new accounts obtained through his efforts" was "not capable of performance within a year, performance being dependent not upon the will

10

of the parties to the oral contract but upon that of third parties, and [was] thus unenforceable under the Statute of Fraud." *Id.* The Court thus concluded that "Plaintiff's oral contract is indefinite because its performance depends on the actions of third-parties. Under the terms of the alleged oral agreement, Bio Reference's liability remains open without any clear end date." *Id* at 447-448. These are the precise circumstances present here.

Plaintiff, in moving for summary judgment, again ignores the above law that precludes his claim—given that it is undisputed that there is no written commission agreement. Instead, he effectively argues that his testimony, that there was a clear agreement of a 7% commission, without any adjustments or deductions, should control—despite the fact that this is challenged by nearly all of the other testimony in this matter, and there is absolutely no other evidence for this manner of agreement besides Plaintiff's own claims. Plaintiff attempts to rely on the testimony of Ryan Ezzo ("Ezzo") but must contort and mischaracterize her testimony to do so. Ezzo never testified that Parveen made "unlawful" deductions or adjustments—only that she either did not know or did not recall why they were made. From Exhibit E, p. 142, ln 8-14:

Q: Where you would have similar meetings where you would present your commission calculations and Mr. Narula would make a decision to reduce those, correct?

A: Yes. If that was a decision he made, yes, but I can't remember specifics.

In fact, Ezzo made several suggestions as to why adjustments would reasonably be made, including outstanding debt[3]. Def ¶ 28, Exhibit E, at p. 146, ln 22 – p. 147, ln. 2; p. 149, ln. 4-10.

---

[3] Plaintiff's treatment of the Ryan Ezzo deposition transcript is perhaps the most egregious example of contorting a witness's testimony in Plaintiff's Rule 56.1 Statement of Facts, but it is by no means a lone example. There simply

11

Nor did Ezzo testify that Narula "regularly decreased Ezzo's calculations of the compensation owed Plaintiff", as alleged in Plaintiff's Rule 56.1 statement of facts.  In fact, when asked if Parveen adjusted her calculations on a regular basis, she testified "I'm not sure."  Exhibit E, p. 103, ln 12-14.  She then later testified that "It wasn't common that he would [reduce her commission calculations]."  *Id.*, at p. 146, ln. 3-11.

Thus, Plaintiff is precluded from being granted summary judgment on his Second Cause of Action because 1) the alleged agreement upon which he bases his claim is void under the statute of frauds; and 2) there exists a clear and material factual dispute as to if and when deductions were made and if and how they violated any agreements between the parties. Instead, Defendants' cross-motion for summary judgment should be granted, and the Second Cause of Action dismissed.

## IV.   <u>PLAINTIFF'S CLAIM FOR RETALIATION UNDER THE FLSA</u>

Plaintiff's claim for retaliation in violation of the FLSA must also be dismissed as a matter of law—thus, Plaintiff can certainly not prevail in his motion for summary judgment.  As an initial matter, Defendants plainly did not retaliate against Plaintiff, as set forth above and in Defendants' Rule 56.1 Statement.  Further, where a claim for retaliation under the FLSA is based on an oral complaint to an employer, said complaint must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."  *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 117 (2d Cir. 2015).  Here, Plaintiff does not properly assert any rights under the

---

is not nearly as many uncontested facts as Plaintiff represents, and as set forth in Defendant's Rule 56.1 Statement of Facts, there is hardly a consensus as to the facts at the crux of this matter—despite Plaintiff's inaccurate representation.

- 7704445.2

FLSA—as noted above, his only other claim under the FLSA (for unlawful deductions) does not exist.

"A plaintiff must set forth the following elements to establish a prima facie claim of unlawful retaliation: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Quintanilla v. Suffolk Paving Corp.*, No. CV 09-5331(AKT), 2019 WL 885933, at *19 (E.D.N.Y. Feb. 22, 2019) (internal citations omitted).  "In the event that a plaintiff has established a prima facie case of retaliation, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action….  If successful, the burden shifts back to the employee to produce evidence showing that the employer's proffered reason is pretextual." *Id.* (*citing Eschmann v. White Plains Crane Serv., Inc.*, No. 11-CV-5881(KAM)(VVP), 2014 WL 1224247, at *18 (E.D.N.Y. Mar. 24, 2014); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110-111 (2d Cir. 2010)).

As set forth *supra*, "[t]he FLSA makes it unlawful to 'discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA].' " *Dunn. v. Sederakis*, 143 F. Supp. 3d 102, 109 (S.D.N.Y. 2015) (*quoting* 29 U.S.C. § 215(a)(3)) (dismissing a cause of action for retaliation where plaintiff's complaint about "docking her wages" did not constitute a protected complaint under the FLSA). However, mere disputes over an employee/employer contract will not fall under the protections of the FLSA.  *See id.*, at 110-111. ("That is because, under settled law, the FLSA neither converts an employer's contract breach into a violation of federal law, nor generally federalizes disputes between employers and employees."; "[plaintiff's] complaints about the unpaid

13

• 7704445.2

retroactive pay increase were, therefore, not protected under the FLSA."); *see also Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir.2013) ("The FLSA statute requires payment of minimum wages and overtime wages only...."); *Mokrov v. Aeroflot Russian Airlines*, No. 20 CIV. 588 (GBD), 2021 WL 2435801, at *5 (S.D.N.Y. June 15, 2021) (("[Plaintiffs do] not allege that Mokrov and Starov ever invoked the FLSA, accused Defendant of any illegality, or even articulated facts to Defendant that were indicative of a FLSA violation. Accordingly, Plaintiffs Mokrov and Starov's FLSA retaliation claims are dismissed."); *Pierre v. Air Serv Sec.*, No. 14-CV-5915(MKB)(ST), 2016 WL 11396816, at *12 (E.D.N.Y. July 28, 2016), *report and recommendation adopted*, No. 14-CV-5915(MKB)(ST), 2016 WL 5136256 (E.D.N.Y. Sept. 21, 2016) ("The record seems to reflect that the only complaints to Defendant prior to Plaintiff's termination are those identifying a discrepancy in his paychecks rather than any invocations of his rights under the law or alleged violations of the law.  If that is the case, then Plaintiff's 'complaints' do not qualify as protected activity under the FLSA or the NYLL."); *Jeanty v. Newburgh Beacon Bus Corp.*, No. 17-CV-9175(CS), 2018 WL 6047832, at *11 (S.D.N.Y. Nov. 19, 2018) (holding that complaints concerning pay stub discrepancies were not a protected activity under the FLSA).

Inasmuch as Plaintiff never made a complaint that is protected under the FLSA, he cannot maintain a cause of action for retaliation under the FLSA.  In short, Plaintiff has brought a breach of contract action and seeks to avail himself of the NYLL and FLSA, with no authority to do so.  Thus, Plaintiff cannot show that he is entitled to summary judgment on the Third Cause of Action, and in fact same must be dismissed.

14

7704445.2

## V.      PLAINTIFF'S CLAIM FOR CONVERSION

As an initial matter, Plaintiff was paid in full under the long-utilized and practical formula for calculating commissions—a material fact that is obviously in dispute.  *See* Def ¶¶ 22, 24, 26-19.  Nevertheless, Plaintiff's claim for conversion must be dismissed as it is legally flawed for numerous reasons.

First, a claim for conversion cannot be predicated on a mere breach of contract.  *See Nasso v Bio Reference Labs., Inc.*, 892 F. Supp. 2d 439, 454 (E.D.N.Y. 2012) (dismissing plaintiff's claim for conversion where, *inter alia*, plaintiff alleged no independent or additional wrong aside from defendant's failure to adhere to an alleged oral agreement concerning commissions).  Here, the claim for conversion is a mere repleading of the alleged wrongs recited in the First and Second Causes of Action, which likewise stem from a purported breach of contract.

Second, a claim for conversion does not lie to enforce an obligation to pay money.  *See Ehrlich v. Howe*, 848 F. Supp. 482, 492 (S.D.N.Y. 1994) ("An action of conversion does not lie to enforce a mere obligation to pay money.").  To the extent that Plaintiff believes he is entitled to payment of further commissions, he may not simply plead contribution as a catch-all attempt to recoup his supposed debts.

Third, as Plaintiff must fully admit, he never had ownership, possession or control of the monies constituting the alleged unpaid commissions.  Thus, he may not plead conversion.  *Komlossy v. Faruqi & Faruqi, LLP*, No. 15-CV-9316(KPF), 2017 WL 722033, at *10 (S.D.N.Y. Feb. 23, 2017), *aff'd,* 714 Fed Appx 11 (2d Cir 2017).

Finally, the funds which are the subject of this conversion claim are incapable of being described in the same manner as a specific chattel.  *High View Fund, L.P. v. Hall*, 27 F. Supp. 2d

15

420, 429 (S.D.N.Y. 1998).  As a result, Plaintiff may not be granted summary judgment on his cause of action for conversion—in fact, this cause of action must be dismissed.

## VI.    PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT

Nor may Plaintiff be granted summary judgment claim for unjust enrichment—as said claim should not survive Defendants' cross-motion for summary judgment.  Notwithstanding the apparent factual dispute as to Defendants' purported unjust enrichment, Plaintiff's claim for unjust enrichment is plainly duplicative of his other claims.  *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (dismissing unjust enrichment claim as duplicative); *Hudson Neurosurgery, PLLC v. UMR, Inc.*, No. 20-CV-9642(KMK), 2022 WL 902107, at *5 (S.D.N.Y. Mar. 28, 2022) ("The Second Circuit has stated that "[t]wo claims are duplicative of one another if they 'arise from the same facts and do not allege distinct damages.'") (*citing NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008)).  Plaintiff's attempt to now distinguish his Sixth Cause of Action as pertaining to only the alleged "side sales" must fail, as that is plainly not what is pled in the Verified Amended Complaint.  *See* Exhibit A at ¶¶ 86-90.

Further, Plaintiff may not, as he has transparently done here, assert a claim for unjust enrichment to circumvent the statute of frauds.  *Scarpinato v E. Hampton Point Mgt. Corp.*, No. 12-CV-3681(JFB)(GRB), 2013 WL 5202656, at *13 (EDNY Sept. 13, 2013); *Intertex Trading Corp. v. Ixtaccihuatl S.A. de CV*, 754 F. Supp. 2d 610, 616 (S.D.N.Y. 2010) ("[Plaintiff] claims that [Defendants] will be unjustly enriched if the Commission Agreement is not enforced.  It is well settled in New York, however, that a plaintiff may not assert an unjust enrichment claim to circumvent the statute of frauds.").  As a result, the duplicative Sixth Cause of Action must also be dismissed.

16

**VII.   THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO HIS FOURTH CAUSE OF ACTION BECAUSE THERE ARE TRIABLE ISSUES OF MATERIAL FACT WHICH PRECLUDE GRANTING SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR**

As set forth above, summary judgment is only appropriate where "the evidence, viewed in the light most favorable to the party against whom it was entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014).  Here, there remains a clear issue of fact as to the underlying reason for the termination of Plaintiff.

"NYLL § 215 and FLSA § 15(a)(3) are 'nearly identical' provisions."  *Jones v. Pawar Bros. Corp.*, 434 F. Supp. 3d 14, 27 (E.D.N.Y. 2020).  "At the summary judgment stage, courts address FLSA retaliation claims under the familiar 'burden-shifting' framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)."  *Id.*; *see also Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 471 (S.D.N.Y. 2008).  As set forth *supra*, the prima facie elements for retaliation are: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action."  *Quintanilla v. Suffolk Paving Corp.*, No. 09-CV-5331(AKT), 2019 WL 885933, at *19 (E.D.N.Y. Feb. 22, 2019) (internal citations omitted).  "In the event that a plaintiff has established a prima facie case of retaliation, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action…. If successful, the burden shifts back to the employee to produce evidence showing that the employer's proffered reason is pretextual."  *Id.* (*citing Eschmann*, 2014 WL 1224247, at *18; *Gorzynski*, 596 F.3d at 110-111).

17

According to Plaintiff, the sole reason for his termination was that he had complained about a perceived miscalculation or wrongful deduction from his commissions. Yet, according to the testimony before this Court, Plaintiff had complained on several occasions throughout his tenure with Reliance of what he believed were errors in the calculation of his commissions. Def ¶30. There is no evidence that Plaintiff was ever disciplined for these prior complaints. There is no evidence that Plaintiff was threatened with termination for these prior complaints. In fact, after Plaintiff had left Reliance for a short time (of his own accord), he was approached by Defendant Parveen, offered a higher salary, and ultimately rehired. Def ¶¶ 20-22. Plaintiff makes no distinction between any of these prior complaints and the incident that led to his termination on April 22, 2015. However, the evidence before this Court does make such a distinction. It is undisputed that on April 22, 2015, Plaintiff texted Parveen messages including "Are you fucking serious?"; "Fix my fucking commissions"; "That's bullshit" and "You take the profit and I get fucked" regarding an alleged discrepancy in his March 2015 commissions. *See* Def ¶¶ 31-32; Exhibit F.

Several hours after those text messages, Parveen invited Plaintiff to discuss his issues with an alleged commission discrepancy with Parveen and Human Resources. *See* Def ¶33. At that meeting, before the facts surrounding the alleged discrepancy were even raised, Plaintiff began using offensive and foul language when speaking with Parveen and Human Resources. *See* Def ¶¶34-35. Parveen did not remember precisely the foul language that was used, but it included at least "you want to fucking challenge me?". *See id*. Plaintiff kept cursing, was irate, and would not calm down after being asked. *See id*. Thus, at least two credible witnesses set forth a very different version of the April 12 incident than that set forth by Plaintiff. Such an

18

• 7704445.2

outburst by Plaintiff, even if he had fair grounds to raise a complaint with Reliance and/or Parveen, obviously is both inappropriate for the workplace and grounds for termination.

Plaintiff's attempt to lessen the impact of his profane outburst by indicating that profanity had previously been used by Plaintiff and Defendant Parveen is obviously irrelevant—there is a clear difference between the use of profanity in everyday conversation and irate hysterical profanity directed at a supervisor. *Blodgett v. 22 S. St. Operations, LLC*, 828 F. Appx. 1, 4 (2d Cir. 2020) ("Even assuming that Blodgett has established a prima facie case, which is tenuous at best, she has not overcome Fox Hill's proffered non-retaliatory reason for her termination – that she flew into a violent rage..."); *LaBella v. New York City Admin. for Children's Servs.*, No. 02-CV-2355(NGG)(KAM), 2005 WL 2077192, at *18 (E.D.N.Y. Mar. 28, 2005) ("Courts have held that an employee's disruptive behavior and insubordination are legitimate non-discriminatory reasons for termination.").

Accordingly, Plaintiff's motion for summary judgment on his Fourth Cause of Action is plainly premature as there remains multiple material issues, which are legitimately disputed, and must thus proceed to trial.

## VIII.   ALL CLAIMS AGAINST THE NON-RELIANCE DEFENDANTS MUST BE DISMISSED

The entire complaint must be dismissed as against Airtyme, Delhi, Wireless Works, Myra, Ashima Narula, and Parveen Narula as none of them were Plaintiff's employer under any applicable test/standard nor is there any other basis to impose liability on said Defendants for Plaintiff's purported damages.  "[When defining an 'employer'] the overarching concern is whether the alleged employer possessed the power to control the workers in question… with an eye to the 'economic reality' presented by the facts of each case." *Kaur v. Royal Arcadia*

*Palace, Inc.*, 643 F. Supp. 2d 276, 292–93 (E.D.N.Y. 2007). "Under the 'economic reality' test, the relevant factors include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.' " *Id. (quoting Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir.1984)). "The inquiry as to whether a plaintiff is an employee under the NYLL is nearly identical to the inquiry under the FLSA test, but 'focuses more on the degree of control exercised by the purported employer, as opposed to the economic reality of the situation.' " *Sevilla v. House of Salads One LLC*, No. 20-CV-6072(PKC)(CLP), 2022 WL 954740, at *5 (E.D.N.Y. Mar. 30, 2022).

Plaintiff seeks to include the non-Reliance Defendants in this action based merely on joint ownership of some of the entities (most of which are now dormant), which is insufficient. On the contrary, it is undisputed that Plaintiff was hired, both times, by Reliance. *See* Def ¶37. When he was terminated, it was by Reliance. *See* Def ¶38. No one at Airtyme ever set his schedule or paid his salary. *See* Def ¶¶39-40. Plaintiff did not know if anyone at Airtyme kept his employee records. *See id.* Delhi did not hire, fire, or pay Plaintiff, nor set his work schedule or conditions of employment. *See* Def ¶41. Wireless did not hire, fire, pay Plaintiff, nor set his work schedule or conditions of employment. *See* Def ¶42. There is precisely no evidence before this Court that Ashima Narula hired, fired, or paid the Plaintiff, or that she set his work schedule, kept his employee records, or set the conditions of his employment—either through any of the Defendant entities or in her personal capacity. Plaintiff's moving papers do not assert that Ashima Narula is individually liable, apparently conceding that point. The record is similarly silent as to Defendant Myra.

20

• 7704445.2

As to Defendant Parveen, the testimony was clear that much of the issues that are at the crux of this case were handled, not by Parveen alone, but by the accounting and financial departments of Reliance.  *See* Def ¶25.  As a response to this evidentiary showing, Plaintiff's only response is to simply deem Parveen's sworn testimony as "false," in an effort to keep him in this action personally.  This, of course, is not sufficient. "For an individual to be an 'employer,' however, there must be more than just '[e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function.... Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.' "  *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 509 (S.D.N.Y. 2013) (*quoting Irizarry v. Catsimatidis,* 722 F.3d 99, 109 (2d Cir.2013)).  Inasmuch as Plaintiff has failed to establish that Defendant Parveen had such control over Plaintiff's actual operations, Plaintiff has failed to show that Parveen meets the definition of "employer".

## CONCLUSION

Plaintiff's motion for summary judgment must be denied in its entirety because, at a minimum, the record is replete with triable issues of material fact, Plaintiff's Rule 56.1 statement, which he purports is laden with admissions and concessions, is nothing more than selective misrepresentations and contortions of testimony and evidence.  For that reason alone, the existence of triable issues of material fact, Plaintiff's motion must be denied.

Moreover, Defendants' cross motion for summary judgment must be granted in its entirety. Despite the existence of triable issues of material fact, five of the six Causes of Action must be dismissed as a matter of law, because, *inter alia*: 1) Plaintiff's First Cause of Action does not exist under the FLSA; 2) Plaintiff does not plead an enforceable contract as is required

21

by his Second Cause of Action; 3) Plaintiff did not engage in behavior protected by the FLSA, as is required by his Third Cause of Action for Retaliation; 4) Plaintiff's Fifth Cause of Action for Conversation cannot be predicated on a mere breach of an alleged commissions agreement; and 5) Plaintiff's duplicative Cause of Action for Unjust Enrichment may not be pled to circumvent the statute of frauds. Finally, as Plaintiff has wholly failed to make any showing that any of the Defendants, with the exception of Reliance, were his employers, all Causes of Action must be dismissed against those Defendants.

Dated: East Meadow, New York
      April 29, 2022

CERTILMAN BALIN ADLER & HYMAN, LLP

By:    */s/ Christopher P. Dooley*.
       Christopher P. Dooley, Esq.
Attorneys for Defendants
90 Merrick Avenue, 9th Fl.
East Meadow, New York 11554
(516) 296-7000
cdooley@certilmanbalin.com

22

- 7704445.2