UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
FRANK ALTAMURA,

Plaintiff,

-against-

RELIANCE COMMUNICATIONS, LLC; AIRTYME COMMUNICATIONS, LLC; DELHI HEIGHTS, LLC; WIRELESS WORKS NY INC.; MYRA PROPERTIES, LLC; PARVEEN NARULA in his individual and official capacities; and ASHIMA NARULA in her individual and official capacities,

Defendants.
---------------------------------X

MEMORANDUM & ORDER
16-CV-1964 (JS)(AYS)

APPEARANCES
For Plaintiff: Ryan M. Eden, Esq.
Saul D. Zabel, Esq.
Zabell & Associates
1 Corporate Drive, Suite 103
Bohemia, NY 11716

For Defendants: Christopher Dooley, Esq.
Douglas E. Rowe, Esq.
John H. Gionis, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554

Paul Andrew Pagano, Esq.
Law Office of Paul A. Pagano, P.C.
100 Duffy Avenue, Suite 510
Hicksville, NY 11801

SEYBERT, District Judge:

Frank Altamura ("Plaintiff") commenced this action against Reliance Communications, LLC ("Reliance"), Airtyme Communications, LLC ("Airtyme"), Delhi Heights, LLC ("Delhi"),

Wireless Works NY Inc. ("Wireless Works"), Myra Properties, LLC ("Myra Properties"), Pavreen Narula ("Pavreen"), and Ashima Narula ("Ashima") (collectively, "Defendants"), to recover unpaid commissions allegedly owed pursuant to an oral agreement based on the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and common law.

Plaintiff and Defendants filed cross-motions for summary judgment, which this Court referred to Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R"). (See Pl. Mot., ECF No. 104; Defs. Cross-Mot., ECF No. 104-28; Oct. 31, 2022 Elec. Order.) For the following reasons, the Court ADOPTS the R&R in part, to the extent it recommends dismissing Plaintiff's FLSA claims and declining to exercise supplemental jurisdiction over Plaintiff's remaining claims.

BACKGROUND

Judge Shields issued her R&R on February 28, 2023. Neither Plaintiff nor Defendants specifically challenge the "Background" section of the R&R. (See R&R at 1-5.) As such, the Court incorporates herein by reference Judge Shields' summary of the facts and posture of this case. See Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022).

In the R&R, Judge Shields addressed each of Plaintiff's six claims, which are: (1) unlawful deductions from payroll in

violation of the FLSA; (2) retaliation in violation of the FLSA; (3) failure to pay earned commissions in violation of the NYLL; (4) retaliation in violation of the NYLL; (5) conversion; and (6) unjust enrichment. (See R&R at 6-16.) Judge Shields also considered the individual liability of Parveen and the "Non-Reliance Defendants," i.e., Airtyme, Myra Properties, and Wireless Works. (Id. at 16-18.)

Beginning with the FLSA claim for unlawful deductions, which pertains to "business costs" allegedly deducted from Plaintiff's commissions, Judge Shields found such a claim untenable. (Id. at 6-7.) Plaintiff "concede[d] that deductions from his commissions do not constitute a violation of the FLSA" and instead argued "the deductions Defendants made came from his wages – not his commissions – which, according to Plaintiff, violates the FLSA." (Id. at 6.) However, Plaintiff did not allege that the deductions from his pay "constituted overtime or brought Plaintiff's salary below the minimum wage," and Judge Shields found "Plaintiff's tortuous reading of the FLSA" to warrant the dismissal of this claim. (See id. at 6-7.) Consequently, Judge Shields recommended dismissal of Plaintiff's claim for retaliation in violation of the FLSA, noting "it is undisputed that any claim for failure to pay commissions is not viable under the FLSA" and that "Plaintiff appears not to challenge Defendants' argument that he never engaged in protected activity within the meaning of the

FLSA." (Id. at 8.) As such, Judge Shields recommended denying Plaintiff's motion and granting Defendants' cross-motion on the FLSA claims.

Based upon Judge Shields' recommendation to dismiss Plaintiff's FLSA claims, which are the only federal claims in this case, she then recommended the Court exercise its discretion and decline to retain supplemental jurisdiction over Plaintiff's remaining state law claims. (Id. at 9.) Notwithstanding, assuming arguendo that the Court retains supplemental jurisdiction, Judge Shields considered the merits of Plaintiff's state law claims.

As to Plaintiff's claim for failure to pay commissions in violation of the NYLL, Judge Shields began her analysis by determining whether the parties had an enforceable agreement covering Plaintiff's commissions. (See id. at 10.) It is undisputed that "there is no written agreement covering Plaintiff's compensation"; however, while Plaintiff asserts the existence of "an oral agreement entitling him to be paid commission at seven percent of the profit margin of sales [he] generated," "Defendants dispute the existence of any such oral agreement." (Id.) The lack of written agreement between the parties led to Judge Shields' review of the statute of frauds, which requires certain contracts to be in writing to be enforceable. (Id. at 10-12.) Pertinent here, agreements that are not capable of being performed within one year must be in writing under the statute of

frauds. (Id. at 10-11.) Since "[a]ny purported obligation to pay commission by Defendants depended on whether and when a third-party decided to make a purchase based on a sale generated by Plaintiff" (id. at 12), such an "occurrence was outside Defendants' control and may not occur for an indefinite time in the future" (id. (quoting Williams v. Preeminent Protective Servs., Inc., No. 14-CV-5333, 2017 WL 1592556, at *5 (E.D.N.Y. Apr. 28, 2017)), leaving Defendants "open [to liability] without any clear end date" (id. (quoting Nasso v. Bio Reference Labs, Inc., 892 F. Supp. 2d 439, 447-48 (E.D.N.Y. 2012))). Based on the statute of frauds, Judge Shields found any oral agreement between the parties unenforceable, and that Plaintiff's NYLL claim for unpaid commissions "premised on an unenforceable agreement" is "insufficient as a matter of law" and subject to dismissal. (Id.) Thus, Judge Shields recommended denying Plaintiff's motion and granting Defendants' cross-motion as to this claim.

Regarding Plaintiff's NYLL claim for retaliation, Plaintiff alleged that after he complained to Defendants about his commissions on April 22, 2015, he was terminated that same day. (Id. at 13.) However, Defendants asserted that Plaintiff was fired for "insubordination based on his use of profanity in . . . text messages exchanged with Parveen on April 22, 2015[] and during the meeting held that same day." (Id. at 13-14.) Judge Shields found there to be an issue of fact as to whether Defendants' "non-

retaliatory reason for Plaintiff's termination" was "merely a pretext for retaliation," and recommended that Plaintiff's motion be denied as to this claim. (See id. at 14.) Defendants did not cross-move on this issue.

Judge Shields then recommended denying the parties' cross-motions as to Plaintiff's claims for conversion and unjust enrichment. Regarding the conversion claim, she found "there are genuine issues of fact . . . as to whether or not Defendants improperly deducted money from Plaintiff's wages." (Id. at 15.) Similarly, as to the unjust enrichment claim, Judge Shields found issues of fact as to whether Plaintiff was compensated for "side deals" he transacted on Defendants' behalf and whether Plaintiff was paid his owed commissions. (Id. at 15-16.)

Next, as to Pavreen's individual liability under the NYLL, Judge Shields found "no genuine issue of material fact that "Pavreen had 'operational control' over Reliance and its employees such that he should be subject to individual liability should Plaintiff prevail on his retaliation claim pursuant to the NYLL." (Id. at 17.) According to Judge Shields, the record clearly indicated that Pavreen had the authority to hire and fire employees and to make payroll and personnel decisions. (Id.) And she

recommended granting Plaintiff's motion and denying Defendants' motion as to Pavreen's individual liability.[1]

Last, Judge Shields addressed the portion of Defendants' motion which seeks summary judgment against the Non-Reliance Defendants on the basis that none of these defendants were ever Plaintiff's employer. (Id. at 18.) As stated by Judge Shields, "not all of [Plaintiff's] claims hinge on whether each defendant entity was his employer." (Id.) Instead, Plaintiff asserts that "he was required to conduct business on behalf of the [N]on-Reliance Defendants as the basis for his unjust enrichment claim, a fact that is very much in dispute . . . . Moreover, . . . there is a triable issue of fact as to whether the defendant entities may be considered a joint employer." (Id.) For those reasons, Judge Shields recommended denying Defendants' motion as to the state law claims against the Non-Reliance Defendants.

## ANALYSIS

### I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general

[1] The Court notes that the R&R did not specifically address the individual liability of Ashima.

objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).

II. Discussion

Following the issuance of the R&R, Plaintiff and Defendants filed timely objections. Plaintiff's objections are two-fold: (1) this Court should retain supplemental jurisdiction over Plaintiff's state law claims; and (2) the R&R erroneously dismissed the NYLL claim for failure to pay commissions because the parties' oral agreement is, in fact, not covered by the statute of frauds and enforceable. (See Pl. Obj., ECF No. 106, at 2-5.) Defendants' objections focus on one issue: that the R&R did not directly address the individual liability of Ashima. (See Defs. Obj., ECF No. 107, at 2.)

As an initial matter, the Court notes that Plaintiff did not object to the recommended ruling to dismiss his FLSA claims. As such, the Court reviews that portion of the R&R for clear error and finds none. Accordingly, the portion of the R&R that recommends dismissing Plaintiff's FLSA claims is ADOPTED; Plaintiff's motion is DENIED and Defendants' cross-motion is GRANTED as to the FLSA claims.

Turning to the parties' objections, the Court begins with Plaintiff's challenge to the recommendation to decline to exercise supplemental jurisdiction, since overruling this objection would moot the remaining objections. The issue of supplemental jurisdiction was not addressed by the parties in their briefing on the underlying cross-motions, therefore, the Court reviews this recommendation de novo.

Pursuant to 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction over claims where it "has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(a), (c)(3). In undertaking this discretionary inquiry, a court "should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)]: economy, convenience, fairness, and comity." Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018) (quoting Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004)).

As set forth above, Plaintiff's now-dismissed FLSA claims were the only claims over which the Court had original jurisdiction. Plaintiff argues "his remaining claims are among those regularly entertained in the Eastern District of New York, as same are regularly heard in cases in which FLSA claims are plead[ed]." (Pl. Obj. at 5.) Plaintiff also claims he "could

[be] subject . . . to undue prejudice" should the Court decline to exercise supplemental jurisdiction because "Defendants would be free to further delay the adjudication of this matter by re-filing their motion in the state court that [would] preside over this matter." (Id.)

Despite Plaintiff's argument that the state law claims pled here are routinely heard in conjunction with FLSA claims by courts in this District, Plaintiff has not provided a single citation to support this assertion. (See id.) This argument is also non-sensical given that Plaintiff conceded he cannot recover his unpaid commissions pursuant to the FLSA as a matter of law. (See R&R at 6.) Although Plaintiff claims that he will suffer prejudice if his state law claims are dismissed because resolution of this matter will be "further delay[ed]" by Defendants "re-filing their [summary judgment] motion in state court," this supposed prejudice is based on the speculative notion that Defendants may elect to move for summary judgment again. In addition, the Court notes that, by Plaintiff's own admission, Defendants' legal obligation to pay commissions is based on "a highly nuanced area of contract law." (See Obj. at 2.) This further supports dismissing Plaintiff's remaining claims in the interest of comity.

As acknowledged in the R&R, the general rule is that "where federal claims are dismissed before trial, the state claims

should be dismissed as well." (R&R at 9 (citing Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998)). Where, as here, the alleged basis for the Court's original jurisdiction was based upon manufactured violations of the FLSA that were bootstrapped onto claims rooted purely in state law, and the Gibbs factors counsel against exercising supplemental jurisdiction, the Court OVERRULES Plaintiff's first objection. Accordingly, the portion of the R&R that recommends declining to exercise supplemental jurisdiction is ADOPTED.

In light of this ruling, the Court need not address the remaining aspects of the R&R or the parties' objections, which pertain solely to the now-dismissed state law claims, and are MOOT.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** the R&R is ADOPTED IN PART as follows: (1) Plaintiff's motion for summary judgment is DENIED as to the FLSA claims; (2) Defendants' cross-motion for summary judgment is GRANTED as to the FLSA claims and those claims are DISMISSED WITH PREJUDICE; and (3) Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE for lack of supplemental jurisdiction. The Court declines to consider the remaining portions of the R&R to which the parties objected, as they are now MOOT. Consequently, the remaining aspects of the parties' cross-motions are DENIED.

The Clerk of the Court is directed to enter judgment accordingly and to mark this case closed.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 11, 2023
Central Islip, New York